UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEIDY V. GURIDY, | ) | CASE NO.  1:24-cv-2251 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN EXPRESS COMPANY, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

On December 27, 2024, *pro se* Plaintiff Leidy V. Guridy ("Plaintiff" or "Guridy") filed a civil complaint against American Express Company ("Amex").  (Doc. 1.)  For the reasons below, this case is DISMISSED.  Guridy's application to proceed *in forma pauperis* (Doc. 2) is GRANTED.

## I.      BACKGROUND

In December 2023, Guridy submitted an online application to Amex to open an "open-ended platinum rewards credit card."  (Doc. 1 at ¶ 5.)  As a part of this process, Guridy "voluntarily offered Amex an unspecified security interest."  (*Id.*)  Amex denied her application based on reasons unbeknownst to Guridy.  (*Id.* ¶ 7.)

Based on these allegations, Guridy asserts claims for breach of contract, violation of federal securities laws, and unjust enrichment.  (*Id.* at 3-4.) [1]  She contends Amex breached a "binding agreement" it entered into with her by "failing to provide the agreed upon credit product and by failing to provide valuable consideration for [her] security interest" (*id.* ¶¶ 14, 15); violated federal securities laws by "securitizing and trading [her] application on the stock market without her knowledge, consent, or fair compensation" (*id.* ¶ 18); and was "unjustly

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

enriched by retaining [her] security interest and using it to generate profits through securities trading without providing any benefit or compensation" (*id*. ¶ 22).

For relief, Guridy seeks a declaratory judgment that Amex breached a contract with her and violated federal securities laws; an order that Amex provide her with an "open-ended platinum rewards credit card with an unlimited spending limit," waive the annual fee for her account; provide her with 500,000 rewards points; and pay $1.2 million in damages.  (*Id*. at 4-5).

Guridy did not pay the filing fee.  Instead, she filed a motion to proceed *in forma pauperis.*  (Doc. 2.)  The Court GRANTS this motion based on Guridy's representation that her total monthly income is $170.00.  (*See id*. at 12.)  For the following reasons, her complaint is DISMISSED.

## II.    **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), district courts are expressly required to review all *in forma pauperis* complaints, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To survive a dismissal for failure to state a claim, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).  Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Further, although *pro se* pleadings are generally liberally construed and held to less stringent standards than pleadings drafted by counsel, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See e.g.*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (dismissing claims because the plaintiff "plead[ed] a legal conclusion without surrounding facts to support the conclusion"); *Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001) ("Liberal construction does not require a court to conjure allegations on a litigant's behalf[.]").

## III.   <u>ANALYSIS</u>

Upon review, the Court finds Guridy's complaint must be dismissed. Even affording the complaint the deference to which a *pro se* pleading is entitled, it fails to state a plausible claim upon which she may be granted relief.

Under Ohio law, credit card agreements are legally binding contracts, and a bank's issuance of the card and a user's use of the card creates a binding contract. *Am. Express Travel Related Servs. v. Silverman*, 2006-Ohio-6374, ¶ 9, 2006 WL 3491741, at *2 (Ohio App. 10 Dist., 2006). Guridy asserts in purely conclusory terms that she had a "binding agreement" with Amex. (Doc. 1 at ¶ 14.) At the same time, she does not allege she entered into a credit card agreement with Amex or that she used a credit card Amex issued to her. (*See id.*) Instead, she simply alleges she applied for an Amex platinum rewards card online and her application was denied. (*Id.* ¶ 7.) Guridy's allegations are insufficient to support a plausible finding that Amex

had a valid contract with her, or Amex breached the terms of any such contract. *See Grayson v. Le Caillec*, No. 3: 24-cv-1082, 2024 WL 3430499, at *2 (D. Or. July 16, 2024) (holding allegations a plaintiff's application for a credit card was denied based on low FICO score "fails to provide enough details to establish that a contact between [the plaintiff] and American Express exists, what essential contractual provisions were breached" or how American Express caused damages); *see also Dalicer v. Am. Express*, No. 1:24-cv-196, 2024 WL 1538441, at *3 (M.D. Pa. Mar. 6, 2024), *adopted*, 2024 WL 2979723 (May 8, 2024) (dismissing breach of contract claim premised on American Express's denial of credit card application because plaintiff alleged no facts showing the parties entered a valid contract); *Smith v. Palasades Collection, LLC*., No. 1:07-cv-176, 2007 WL 1039198, at *6 (N.D. Ohio Apr. 3, 2017) (describing the credit card relationship as an offer by a credit card company for "a series of unilateral contracts which are actually formed when the [credit card] holder uses the credit card to buy goods or services or to obtain cash").

Guridy's complaint fails to state any other plausible claim. Although the complaint references federal securities laws, her claims for violation of federal securities laws and unjust enrichment are premised on conclusory assertions that she offered Amex a "security interest" that Amex "traded" on or "securitized." (*See* Doc. 1 at ¶ 8.) As multiple federal courts have held, such unclear and unsupported assertions do not meet basic federal pleading requirements and fail to state plausible claims under state and federal securities laws. *See McMillan v. Am. Express*, No. 1:24-CV-5685, 2024 WL 5090824, at *3 (S.D.N.Y. Dec. 10, 2024) (holding plaintiff's complaint, arising out of Amex's alleged rejection of his application for a credit card, failed to state a plausible claim under the Securities Act of 1933 and Securities Exchange Act of 1934); *Bostick v. Am. Express Co.*, No. 24-CV-5484, 2024 WL 4826800, at *3 (S.D.N.Y. Nov.

13, 2024) (dismissing plaintiff's amended complaint "filled with financial jargon and conclusory declarative statements" purporting to assert claims under state and federal securities laws arising from Amex's denial of a credit card); *Simpson v. Am. Express*, No. 23-cv-11325, 2023 WL 8357936, at *2 (E.D. Mich. Dec. 1, 2023) (dismissing complaint asserting "American Express has denied [plaintiff] a platinum credit card for failure to meet pleading standards or provide factual support for unclear references to "consumer credit," "Title 15," and "Tila truth & Lending").

Here, as in *McMillan*, *Bostick*, and *Simpson*, the only clear facts Guridy alleges on the face of her complaint are that she submitted an online application to Amex for a platinum credit card, which Amex denied.  (Doc. 1 at ¶¶ 5, 7.)  Such facts are insufficient to state any plausible claim against Amex under federal or state law.

## IV.  <u>CONCLUSION</u>

For the reasons stated above, Guridy's application to proceed *in forma pauperis* (Doc. 2) is GRANTED.  The complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:   June 4, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE